NEW YORK COUNTY—HON. GIDEON J. TUCKER, SURROGATE—January, 1863.

## COWLES *v.* THOMPSON.

### *In the Matter of the Estate of* ABRAHAM G. THOMPSON, *deceased.*

The provision of 2 Rev. Stat., 116, § 19,—authorizing a creditor, having a judgment against an executor or administrator, to obtain an order against the executor or administrator to show cause why an execution should not issue on such judgment,—does not refer solely to judgments for debts of the deceased. But a creditor having a judgment against an administrator for legal services rendered by him in the administration of the estate, is entitled to such an order.

An administrator having funds in his hands, to which he is lawfully entitled to resort for the payment of the just and necessary expenses of the administration, cannot refuse so to apply the fund, on the ground that there is not sufficient assets to satisfy in full all the debts of the estate.

Thus, where, on an accounting by the administrator, it appeared that there were assets of the estate sufficient to satisfy a judgment obtained against the administrator for legal services rendered in the administration, and to pay all other probable expenses of the administration, although not enough to pay more than a proportion of all the debts;—*Held*, that a decree will be granted that the administrator pay out of the estate the amount of the judgment, with interest and costs.

In order to make the judgment a "debt" against the estate, within the meaning of the statute, so that it must abate with the other debts due from the estate, in consequence of the deficiency of assets, it would be necessary that the services, for which the judgment was obtained, should have been rendered to the testator in his lifetime.

*It seems*, that if the creditor shall so require, the surrogate may proceed further, and direct that an execution issue. (Per LEONARD, J.)

Edward P. Cowles recovered a judgment, February 27th, 1862, in the Supreme Court, against Edward G. Thompson, as administrator with the will annexed, of Abraham G. Thompson, for $2,000.

The judgment not being paid, Cowles applied to the surrogate by petition, and obtained from him an order or citation, requiring said administrator to render an account of his proceedings as such, and show cause why he should not be ordered to pay the judgment; or why an execution should not be issued upon it to collect the amount due upon it; and why he should not render an account of his acts and doings, and of the moneys in his hands. By the account, as rendered, it appeared that the administrator had in his hands sufficient assets to pay the judgment of Mr. Cowles in full, but that he had not sufficient assets to pay it in full if the moneys in his hands were to be divided up, *pro rata*, among all the creditors of the estate.

E. P. COWLES, and EVARTS, SOUTHMAYED & CHOATE, *for Creditor.*

BLATCHFORD, SEWARD & GRISWOLD, *for the Administrator.*

THE SURROGATE.—This is an application under the provisions of the Revised Statutes, conferring on the surrogate power to compel payments by an administrator. The petitioner, after a trial at law upon the merits, recovered on the

27th February, 1862, a judgment in the Supreme Court, against Edward G. Thompson, administrator with the will annexed of Abraham G. Thompson, for the sum of two thousand dollars, "to be made, levied, and collected from the goods, chattels, and assets, lands and tenements of the estate of Abraham G. Thompson, deceased." This judgment was for professional legal services rendered to Henry Shelden, the former executor of the estate, in and about the administration of the estate. The judgment-creditor now petitions the surrogate that the present administrator with the will annexed account, and that he be decreed to pay such judgment from the assets of the estate; or, that an execution may be issued on such judgment, or for such other relief, &c. The petitioner claims this judgment to be a part of the necessary expenses of administration, and that, as such, it should be paid in full, in precedence or even in exclusion of all debts of the testator.

On the other hand, the administrator insists that the judgment in question is merely a debt of the estate of the fourth class under the statute, and that execution can only issue for the sum that shall, upon the administrator's accounting, have appeared to be a just proportion of the assets applicable to the payment of such a debt. It appears that there are assets of the estate sufficient to pay this judgment and all other probable expenses of administration, but not enough to pay more than a proportion of all the debts.

The section relating to the settlement of accounts of executors and administrators, and the allowance of their commissions, &c., provides that "in all cases such allowance shall be made for their actual and necessary expense as shall appear just and reasonable."

In this case, the Supreme Court has declared that $2,000 was a "just and reasonable allowance" for the "actual necessary expense" of counsel-fees, and that that amount is due to Mr. Cowles, by the estate.

In order to make the judgment a "debt" against the estate, within the meaning of the statute, so that it must abate

with the other debts due from the estate in consequence of the deficiency of assets, it would be necessary that the services for which the judgment has been obtained should have been rendered to the testator in his lifetime.

The remedy of the petitioner is a decree of the surrogate that the administrator pay out of the estate the amount of this judgment, with interest and costs; upon which decree, docketed according to law, execution can issue. Decree accordingly.

An appeal was taken by the administrator to the general term (February Term, 1864);—present, SUTHERLAND, LEONARD, and CLERKE, JJ., where the decree of the surrogate was affirmed, with an opinion by LEONARD, J.; Justice CLERKE, concurring, and Justice SUTHERLAND, dissenting.

LEONARD, J.—The surrogate has ordered the administrator of the estate of Abraham G. Thompson, deceased, to pay to Edward P. Cowles the amount of a judgment recovered by him in the Supreme Court against the said administrator, after a trial at law on the merits, for services rendered by him as proctor and counsel for Henry Sheldon, the former executor of the said estate, in the administration thereof, amounting to two thousand dollars.

This recovery adjudges that the services in question constitute actual, necessary, just, and reasonable expenses of the administration, which must be borne by the estate.

It is provided by the Revised Statutes, part 2, ch. 6, tit. 3, art. 3, sec. 58 (3 *Rev. Stat.*, 179, § 64, 5 ed.), that such expenses shall be allowed on the settlement of the account of an executor or administrator.

The administrator or executor is to be allowed, in his account, for his services and expenses, before all other claims.

Title 5, section 19, of the same chapter, authorizes a creditor, having a judgment against an executor or administrator, after a trial at law upon the merits, to obtain from the surrogate an order against such executor or administrator to

show cause why an execution should not issue on such judgment.

The next section directs the surrogate to issue a citation, requiring the executor or administrator complained of, to appear and account before him; and if, upon such accounting, it shall appear that there are assets in the hands of such executor or administrator, *properly applicable, under the provisions of chapter six*, to the payment of the judgment, the surrogate is further directed to make an order that execution be issued for the amount so applicable.

These provisions appear to be distinct and easily comprehended.

There is no difference in respect to the authority conferred upon the surrogate under the two sections last referred to, whether the judgment was recovered for a debt of the deceased testator or intestate, or for a debt contracted by the executor or administrator for actual, necessary, just, and reasonable expenses of the administration. It is insisted by the learned and ingenious counsel for the administrator, that the surrogate is not authorized to direct the payment of these expenses out of the estate, and that the estate does not become chargeable therefor in such manner that the assets in his hands are properly applicable to the payment thereof, under the provisions of the sixth chapter of the statutes above referred to, until the expenses have been actually paid by the administrator.

This position is fallacious. It cannot be admitted that an administrator can hold a fund in his hands to which he is lawfully entitled to resort for the payment of the just and necessary expenses of the administration, and refuse, at his pleasure, so to apply the fund as to set the creditors at defiance.

It may be conceded, as the appellant's counsel insist, that the administrator who employs the services of counsel in the necessary defence or collection of his trust, is personally liable for the payment thereof; but the estate is also liable, and it is not the privilege of the administrator to decide whether

he shall be made liable in his personal or representative capacity. That election is to be made by the creditor, if the right of election exists, and not by the debtor.

In whichever capacity the administrator is required or compelled to pay the just and necessary expenses of his trust, he is entitled to have the amount refunded from the estate, and allowed by the surrogate on the settlement of his account.

The learned counsel for the appellant clearly errs in urging that the authority of the surrogate under sections 19 and 20, above mentioned, refers only to judgments recovered for debts incurred by the deceased.

The provisions of chapter 6, in which those sections are embraced, relate to and provide for the payment of the services and expenses of the executor or administrator, just as distinctly as for the debts of the deceased; and a judgment for such expenses is clearly within the provisions of the section last mentioned.

The order of the surrogate should be affirmed, with costs.

In my opinion, it is the duty of the surrogate to proceed further than he has done by his order, if the creditor shall so require, and to direct that an execution issue.